UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM R. YEE,

        Plaintiffs,                No. 06-CV-15142-DT

vs.                                  Hon. Gerald E. Rosen

MICHIGAN SUPREME COURT, et al.,

        Defendants.
_____/

MEMORANDUM OPINION AND ORDER
GRANTING MOTIONS TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 10, 2007

PRESENT:  Honorable Gerald E. Rosen
                   United States District Judge

I. INTRODUCTION

Plaintiff William Yee, acting *pro se*,[1] initiated this action on November 16, 2006 by filing a Complaint and Jury Demand and a subsequent First Amended Complaint on December 4, 2006.[2] Yee's 160-plus page complaint includes 16 counts and names 71

---

[1] Although he is acting *pro se*, the Court notes that Mr. Yee is a member of the State Bar of Michigan and lists a "P number" along side his name in all of his pleadings in this matter.

[2] Plaintiff's First Amended Complaint is in substance identical to his original Complaint. The only marked difference is the listing of all of the defendants in the caption of the First Amended Complaint.

1

defendants. Included among the defendants are the Michigan Supreme Court and all of the Justices of the Michigan Supreme Court; the Michigan Court of Appeals and the judges of the Michigan Court of Appeals; a number of Michigan Circuit and District Courts and judges of those courts; the State Court Administrator's Office (the "Judicial Defendants"); the Michigan Attorney General's Office, former Michigan Attorneys General and Assistant Attorneys General (the "Attorney General Defendants"); a number of county prosecutors and assistant prosecutors (the "County Prosecutor Defendants"); several state mediators (the "Mediator Defendants"); the Shiawassee Friend of the Court and employees of the Shiawassee County Friend of the Court (the "Friend of the Court Defendants"); a number of attorneys and law firms who represented Plaintiff's opponents in several previous Michigan state court actions (the "Attorney Defendants"); and Plaintiff's ex-wife.

Yee's entire Complaint stems from state court litigation he was involved in -- and which resulted in rulings that were adverse to Yee's position -- concerning the water level of Bambi Lake a/k/a Cummings Lake in Shiawassee County, Michigan from 1995 through 2005, *see Yee v. Braidwood*, 2001 WL 665176 (Mich. App. 2001), *lv. denied*, 465 Mich. 938 (2001); *Yee v. Shiawassee County Board of Commissioners, et al.,* 251 Mich. App. 379 (2002), *lv. denied*, 468 Mich. 852 (2003) and *cert. denied*, 540 U.S. 1004 (Nov. 10, 2003); *In re Lake Level for Bambi Lake, Shiawassee County*, 2004 WL 2169037 (Mich. App. 2004), *lv. denied*, 472 Mich. 939 (2005) and *cert. denied*, ___ U.S. ___, 126 S.Ct. 750 (2005), and adverse outcomes in actions involving disputes between

Yee and his former spouse concerning their divorce, parenting time, child custody, spousal support and property rights. *See e.g.*, *Yee v. Roche et al.*, 2002 WL 1308338 (Mich. App. 2002). Yee contends that the various named-defendants conspired against him to deprive him of property and money and to violate his civil rights in the course of the lake level and divorce litigation.

In lieu of filing answers to Yee's Complaint, a number of the defendants have filed motions to dismiss. Yee has filed responses to these various motions. Having reviewed and considered Plaintiff's Complaint, the Defendants' Motions and Plaintiff's Responses thereto, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order addresses the motions to dismiss filed by the various Judicial Defendants, Attorney General Defendants, the Mediator Defendants, the Friend of the Court Defendants, and the County Prosecutor Defendants.[3]

## II.  DISCUSSION

A.  STANDARDS APPLICABLE TO MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) allows the court to determine the legal sufficiency of a plaintiff's claims. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Courts considering a Rule 12(b)(6) motion must accept the well-pled factual allegations of the

---

[3] The motions of the other "Attorney Defendants" will be addressed in a separate Opinion and Order.

complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the court is not required to accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 123 (6th Cir. 1971). Accordingly, a court must determine "whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief" under a viable legal theory advanced in the complaint. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 116 S.Ct. 1041 (1996).

B.  THE JUDICIAL DEFENDANTS ARE CLOAKED WITH ABSOLUTE IMMUNITY

It is well-established that judges, when acting within the scope of their authority and subject matter jurisdiction, are cloaked with absolute immunity under both federal and state law. *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286 (1991); *Ireland v. Tunis*, 113 F.3d 1435, 1440-43 (6th Cir. 1997); Barrett *v. Harrington*, 130 F.3d 246 (6th Cir. 1997), *cert. denied*, 118 S.Ct. 1517 (1998); *Ross v. Consumers Power Co.*, 420 Mich. 567, 632, 363 N.W.2d 641, 667 (1985) (Absolute immunity is granted to judges, even for malicious acts, as long as they are acting within their judicial authority). *Cf.*, M.C.L. § 691.1407(5) ("Judges. . . are immune from tort liability for injuries to persons or damages to property whenever they are acting within the scope of their judicial. . . authority.")  A judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Forrester v. White*, 484 U.S. 219, 227 (1988). The protection of absolute judicial immunity attaches so long as the challenged action "is a function normally

4

performed by a judge" and occurred while the judge was acting "in his or her judicial capacity." *Ireland v. Tunis*, *supra*, 113 F.3d at 1440-41 (quoting *Mireles v. Waco*, *supra*, 502 U.S. at 13, and *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107-08 (1978).

In this case, Plaintiff, himself has made it clear that all of his complaints against the various Judicial Defendants arise out of the various judges' actions taken in ruling against him with respect to his disputes with the MDNR/MDEQ and Shiawassee County officials and riparian property owners concerning the water level of Bambi Lake and his divorce and custody battles with his ex-wife. It is without dispute that the judges took the challenged actions while acting "in their judicial capacity." Thus, under well-settled law, the Judicial Defendants are entitled to absolute immunity for the actions complained of by Plaintiff. Therefore, Plaintiff has failed to state a claim against these various Judicial Defendants upon which relief may be granted.

Accordingly, Plaintiff's claims against the Honorable Maura D. Corrigan, the Honorable Robert P. Young, Jr., the Honorable Stephen J. Markman, the Honorable Marilyn J. Kelly, the Honorable Michael F. Cavanaugh, the Honorable Elizabeth A. Weaver, the Honorable Clifford W. Taylor, the Honorable James R. Clatterbaugh, the Honorable Donald E. Holbrook, Jr., the Honorable Richard Allen Griffin, the Honorable Donald S. Owens, the Honorable Gerald D. Lostracco, the Honorable Judith Fullerton, the Honorable Michael R. Smolenski, the Honorable Henry W. Saad, the Honorable Richard A. Bandstra, the Honorable Kirsten Frank Kelly, the Honorable Mark J.

Cavanaugh, the Honorable John T. Connolly, the Honorable Stephen L. Borrello, the Honorable Randy L. Tahvonen, Magistrate J. Kevin McKay, the Michigan Supreme Court, the Michigan Court of Appeals, the 35th Circuit Court, the 7th Circuit Court, the 29th Circuit Court, the 71A District Court, and the State Court Administrative Office will be dismissed with prejudice.

C.     THE ATTORNEY GENERAL DEFENDANTS AND THE COUNTY PROSECUTOR DEFENDANTS ARE ALSO PROTECTED BY ABSOLUTE IMMUNITY

It is equally well-established that prosecutors are absolutely immune when performing the traditional functions of an advocate. *See Kalina v. Fletcher*, 522 U.S. 118, 130 (1997); *Surlock v. Thompson*, 330 F.3d 791, 797 (6th cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). Thus, the Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachman*, 424 U.S. 409, 431 (1976); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Likewise, a prosecutor is absolutely immune from civil suit based on a decision not to prosecute or to terminate a prosecution. *Dohaish v. Tooley*, 670 F.2d 934 (10th Cir. 1982); *Curry v. Jensen*, 523 F.2d 387 (9th Cir. 1975), *cert. denied*, 423 U.S. 998 (1975); *Turack v. Guido*, 464 F.2d 535 (3rd Cir. 1972). "Absolute prosecutorial immunity is not defeated by showing that a prosecutor acted wrongfully or even maliciously [because] the decision to prosecute. . . 'even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler*.'" *Grant v. Hollenbach, supra*, 870 F.2d at 1138.

The conduct of the County Prosecutor Defendants that Plaintiff complains of unquestionably relates to the traditional functions of an advocate.  Specifically, Plaintiff Yee complains that the Shiawassee County prosecutors and assistant prosecutors violated RICO by requiring him to appear at an arraignment for a loud music citation issued in 1993, for not prosecuting the operators of the Bambi Lake dam for violating the Dam Safety Act of 1989, for issuing a warrant for his arrest on a stalking complaint for an incident that occurred in 1996, for not prosecuting his ex-wife for abusing their children, for failing to prosecute his ex-wife and her boyfriend for various criminal offenses.  These acts clearly are advocatory functions.

The same is true of the Attorney General Defendants.  Yee's claims against these defendants stem from the Attorney General's Office intervening as a plaintiff in a lawsuit involving him  -- the Bambi Lake level dispute -- and taking a position adverse to him in the lower court and on appeal.  The authority of the Attorney General to intervene in an action is conferred by statute.  *See* M.C.L. § 14.101, which provides:

> The Attorney General of the State is hereby authorized and empowered to intervene in any action heretofore or hereafter commenced in any court of the State whenever such intervention is necessary to protect any right or interest of the State, or of the people of the State.  Such right of intervention shall exist at any stage of the proceeding, and the Attorney General shall have the same right to prosecute an appeal, or to apply for a re-hearing or to take any other action or step whatsoever that it had or possessed by any of the parties to such litigation.

The spirit of this power is power is clearly advocatory and quasi-judicial.

Thus, the County Prosecutor Defendants and the Attorney General Defendants are

7

entitled to absolute immunity for the complained of actions. Therefore, the Court finds that Plaintiff has failed to state a claim against the Michigan Attorney General's Office; former Attorneys General Jennifer M. Granholm and Frank J. Kelley; Michigan Solicitor General Thomas L. Casey; Assistant Attorneys General James T. Farrell, Kenneth M. Ross and S. Peter Manning; and Shiawassee County Prosecutor Defendants Randy O. Colbry and Craig Wininger. The claims alleged against these Defendants, accordingly, will be dismissed.

C.  THE MEDIATOR DEFENDANTS AND THE FRIEND OF THE COURT DEFENDANTS ARE CLOAKED WITH QUASI-JUDICIAL IMMUNITY

Absolute immunity also extends to non-judicial officers who perform "quasi-judicial duties when (1) the functions of the official in question are comparable to those of a judge; (2) the nature of the controversy is intense enough that future harassment or intimidation by litigants is a realistic prospect; and (3) adequate safeguards exist to justify dispensing with private damage suites to control unconstitutional conduct. *Butz v. Economou*, 438 U.S. 478, 512 (1978); *Purich v. Tennessee Tech. Univ.*, 76 F.3d 414, 421 (6th Cir. 1996); *see also Busch v. Rauch*, 38 F.3d 842 (6th Cir. 1994). Thus, a hearing officer who performs tasks that are an integral part of the judicial process is entitled to absolute "quasi-judicial" immunity from suits for damages. *See Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988). Included among this class of individuals to whom quasi-judicial immunity has been extended are mediators and arbitrators. *Butz, supra*; *see also Sanders v. Lesson Air*

8

*Conditioning Corp.*, 362 Mich. 692, 695 (1961); *Boracks v. American Arbitration Assn.*, 205 Mich. App. 149 (1994).

The foregoing authorities clearly establish that Plaintiff has failed to state a claim against Mediator/Case Evaluators William Reising and his law firm, Plunkett & Cooney, P.C., and Michael J. Mangapora and his firm, Michael J. Mangapora, P.C. Plaintiff's complaint against these defendants arise out of a mediation evaluation crafted by Reising, Mangapora, and the Honorable John Connolly in the matter of *William R. Yee v. B. Ward Smith, et al.*, E.D. Mich. No. 84-CV-2386-DT. Clearly, the mediators were performing functions integral to the judicial process in fashioning a mediation award. Therefore, the claims against the Mediator Defendants will be dismissed.

Likewise, friend of the court employees acting in their official capacities are entitled to absolute immunity. *See Johnson v. Granholm*, 662 F.2d 449 (6th Cir. 1981); *Tidik v. Ritsema*, 938 F. Supp. 416, 422-23 (E.D. Mich. 1996).

In *Tidik*, as in this case, the plaintiff filed a Section 1983 action against numerous defendants, including several employees of the Wayne County Friend of the Court. Tidik alleged that the defendants were involved "in a complex conspiracy" to violate his constitutional rights during a divorce action pending in Wayne County Circuit Court. In granting the defendants' motion to dismiss, the court stated:

> The doctrine of absolute judicial immunity is extended to persons whose duties are essentially adjudicative or prosecutorial in nature. *Watts v. Burkhart*, 978 F.2d 262, 274 (6th Cir. 1992) (extending absolute immunity to medical board examiners) (citing rationale of *Briscoe v. LaHue*, 460 U.S. 325, 75 L.Ed.2d 96, 103 S.Ct. 1108 (1983).

> The immunity of participants in the judicial process stems from specific characteristics of the process itself.  *Watts*, 978 F.2d at 273 (citing *Butz*, 438 U.S. 478, 512).  For instance, "the controversies with which the process deals are often intense, and the loser, given an opportunity to do so will frequently charge the participants in the process with unconstitutional animus. . ."  978 F.2d at 273.  Therefore, "absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation."  *Butz*, 438 U.S. 512.  Under these standards, Defendants Lynn Watson, Court Clerk of the Third Circuit Court; John LeMire, Referee for Friend of the Court; and David March, Staff Attorney for Friend of the Court, are immune from suit.  Their duties clearly qualify as adjudicative or prosecutorial.
>
> Likewise, it is settled that social workers and their supervisors who work in conjunction with the courts regarding child neglect and delinquency proceedings are absolutely immune from suit.  *Kurzawa v. Mueller*, 732 F,2d 1456, 1458 (6th Cir. 1984) (extending absolute immunity to three Michigan Department of Social Services employees, a psychiatrist, psychologist and an attorney.  This level of immunity allows the tasks necessary to protect children be done "without the worry of intimidation and harassment from dissatisfied parents," *Salyer v. Patrick*, 874 F.2d 374, 378 (6th Cir. 1989) (citing *Kurzawa, Id.*)  Accordingly Defendant social worker David Manville is entitled to perform his duties without harassment or the threat of vexatious litigation.  The same is true for Gerhard Ritsema, Director of Wayne County Friend of the Court and chief overseer of a department responsible for the well-being of children.

938 F. Supp. at 422-23.

Yee's claims against the Shiawassee County Friend of the Court, Daniel J. Loomis, the Deputy Friend of the Court, and Christine Gazella, an FOC employee, stem from the Friend of the Court's 1998 recommendation that primary physical custody of the Yee children remain with Yee's ex-wife, Christine Roche, and Yee's disagreement with that recommendation.  By application of the foregoing authorities, as with the judicial, prosecutorial and mediator defendants, these Friend of the Court Defendants are entitled

to absolute immunity.  Therefore, Plaintiff's claims against them will be dismissed.

## CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted against the Judicial Defendants, the Attorney General Defendants, the County Prosecutor Defendants, the Mediator Defendants or the Friend of the Court Defendants.[4]  Therefore,

IT IS HEREBY ORDERED that the Motions to Dismiss filed by the Judicial Defendants, the Attorney General Defendants, the County Prosecutor Defendants, the Mediator Defendants and the Friend of the Court Defendants [Document Nos.28, 33, 35, 87 and 112] be, and hereby are, GRANTED.  Accordingly,

IT IS FURTHER ORDERED that Plaintiff's claims against Honorable Maura D. Corrigan, the Honorable Robert P. Young, Jr., the Honorable Stephen J. Markman, the Honorable Marilyn J. Kelly, the Honorable Michael F. Cavanaugh, the Honorable Elizabeth A. Weaver, the Honorable Clifford W. Taylor, the Honorable James R. Clatterbaugh, the Honorable Donald E. Holbrook, Jr., the Honorable Richard Allen Griffin, the Honorable Donald S. Owens, the Honorable Gerald D. Lostracco, the Honorable Judith Fullerton, the Honorable Michael R. Smolenski, the Honorable Henry W. Saad, the Honorable Richard A. Bandstra, the Honorable Kirsten Frank Kelly, the

---

[4] In addition to finding that these defendants are cloaked with absolute judicial and quasi-judicial immunity, the Court also notes that there are a number of other grounds that would warrant dismissal of Plaintiff's claims including the statute of limitations bar, and application of the *Rooker-Feldman*, collateral estoppel, and/or *res judicata* doctrines.

Honorable Mark J. Cavanaugh, the Honorable John T. Connolly, the Honorable Stephen L. Borrello, the Honorable Randy L. Tahvonen, Magistrate J. Kevin McKay, the Michigan Supreme Court, the Michigan Court of Appeals, the 35th Circuit Court, the 7th Circuit Court, the 29th Circuit Court, the 71A District Court, the State Court Administrative Office, the Michigan Attorney General's Office, Jennifer M. Granholm, Frank J. Kelley, Thomas L. Casey, James T. Farrell, Kenneth M. Ross, S. Peter Manning, Randy O. Colbry, Craig Wininger, William Reising, Plunkett & Cooney, P.C., Michael J. Mangapora, Michael J. Mangapora, P.C., the Shiawassee County Friend of the Court, Daniel J. Loomis, and Christine Gazella are DISMISSED, WITH PREJUDICE.

                                      s/Gerald E. Rosen  
                                      Gerald E. Rosen  
                                      United States District Judge

Dated: January 10, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 10, 2007, by electronic and/or ordinary mail.

                                      s/LaShawn R. Saulsberry  
                                      Case Manager