UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM R. YEE,

        Plaintiffs,                No. 06-CV-15142-DT

vs.                                     Hon. Gerald E. Rosen

MICHIGAN SUPREME COURT, et al.,

        Defendants.
_____/

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT LYNN D. BOWNE'S MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 24, 2007

PRESENT:  Honorable Gerald E. Rosen
                      United States District Judge

I. INTRODUCTION

On January 10, 2006, this Court entered an Opinion and Order dismissing the Judicial Defendants, Attorney General Defendants, County Prosecutor Defendants, Mediator Defendants, and Friend of the Court Defendants finding that all of these defendants are cloaked with absolute judicial and quasi-judicial immunity. The Court subsequently dismissed Plaintiff's claims against 17 Attorney Defendants who represented various parties who opposed Yee in prior Michigan state court proceedings on *Rooker-Feldman*, collateral estoppel and statute of limitations grounds. This matter is

1

now before the Court on the motion for dismissal filed by Defendant Lynn D. Bowne.

Defendant Bowne is an attorney who was appointed by the Shiawassee County Circuit Court to serve as the guardian ad litem for Plaintiff Yee's children in connection with parenting time and custody issues litigated during Yee's divorce action. As such, he is cloaked with absolute quasi-judicial immunity. As explained by the court in *Tidik v. Ritsema*, 938 F. Supp. 416 (E.D. Mich. 1996):

> The doctrine of absolute judicial immunity is extended to persons whose duties are essentially adjudicative or prosecutorial in nature. *Watts v. Burkhart*, 978 F.2d 262, 274 (6th Cir. 1992) (extending absolute immunity to medical board examiners) (citing rationale of *Briscoe v. LaHue*, 460 U.S. 325, 75 L.Ed.2d 96, 103 S.Ct. 1108 (1983)).
>
> The immunity of participants in the judicial process stems from specific characteristics of the process itself. *Watts*, 978 F.2d at 273 (citing *Butz [ v. Economou]*, 438 U.S. 478, 512 [(1978)]). For instance, "the controversies with which the process deals are often intense, and the loser, given an opportunity to do so will frequently charge the participants in the process with unconstitutional animus. . ." 978 F.2d at 273. Therefore, "absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz*, 438 U.S. 512.

*Id.* at 422-23.

The Sixth Circuit Court of Appeals expressly found that such quasi-judicial immunity applied to guardians ad litem in *Kurzawa v. Mueller*, 732 F.2d 1456 (6th Cir. 1984) (applying Michigan law). The court explained:

> [An attorney] who function[s] as guardian ad litem for [a minor], must act in the best interests of the child he represents. Such a position clearly places him squarely within the judicial process to accomplish that goal. A guardian ad litem must also be able to function without the worry of possible later harassment and intimidation from dissatisfied parents. Consequently, a

2

> grant of absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings.

732 F.2d at 1458.

Applying the foregoing authorities, the Court finds that Defendant Bowne is cloaked with absolute quasi-judicial immunity in this case.

Therefore, for the foregoing reasons, and those further reasons stated in the Court's previous Opinions and Orders, which are hereby incorporated by reference,

IT IS HEREBY ORDERED that Defendant Lynn D. Bowne's Motion to Dismiss is GRANTED. Accordingly,

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Bowne are DISMISSED, WITH PREJUDICE.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: January 24, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 24, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

3