UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM R. YEE,

                Plaintiffs,                  No. 06-CV-15142-DT

vs.                                      Hon. Gerald E. Rosen

MICHIGAN SUPREME COURT, et al.,

                Defendants.
_____/

ORDER DENYING PETITION TO REMOVE AND
DISMISSING CASE FOR LACK OF JURISDICTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     April 19, 2007

PRESENT:  Honorable Gerald E. Rosen
                United States District Judge

On April 6, 2007, this Court entered an Order to Show Cause directing Plaintiff to show cause in writing why the remaining claims in this case against the only two remaining Defendants, Phillip Dulmage and Christine Roche, should not be dismissed pursuant to 28 U.S.C. § 1367(c)(3).  In response, on April 11, 2007, Plaintiff filed a "Petition to Remove" two state court cases -- *Yee v. Dulmage*, Shiawassee County Circuit Court No. 02-7749-CZ-L and *Roche v. Yee*, Shiawassee County Circuit Court No. 95-5692-DM -- and then filed an "Answer to Order to Show Cause" on April 13, 2007, incorporating therein his April 11 Petition to Remove.

1

As an initial matter, the Court notes that both of the state court cases which Plaintiff has attempted to remove to this Court are *closed* cases.  As Plaintiff himself admits Judgments (not favorable to Mr. Yee) were entered in both of those cases.  The state court dismissed *Yee v. Dulmage* for failure to state a claim upon which relief could be granted, and a consent judgment of divorce was entered in *Roche v. Yee*.  Plaintiff's appeals of those decisions were unsuccessful.  Therefore, there is no "case or controversy" to remove to this Court.[1]

Furthermore, even if there were a live action pending in state court, the law is clear that a plaintiff is not allowed to remove a state court action to federal court, as removal statutes permit only *defendants* to remove.

28 U.S.C. § 1441 governs removal of actions. This section states in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ***by the defendant or the defendants***, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a).  *See also* 28 U.S.C. § 1443 (providing that certain civil rights actions and criminal prosecutions commenced in state court "may be removed **by the defendant** to the district court of the United States for the district. . . wherein it is pending).

---

[1]  Indeed, as this Court has already held in previous rulings, the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over these concluded state court proceedings.

"As the statutory language makes plain, only 'the defendant or the defendants'

may remove under § 1441(a)." *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461

(6th Cir.2002).  Indeed, it has long been recognized that, "[a] plaintiff who commences

his action in a state court cannot effectuate removal to a federal court even if he could

have originated the action in a federal court." *Oregon Egg Producers v. Andrew*, 458 F.2d

382, 383 (9th Cir.1972).  *See also McCane v. McCane*, 47 F. Supp. 2d 848, 849 (E.D.

Mich. 1999).  Plaintiff, thus, lacks the authority under 28 U.S.C. § 1441 to remove his

own actions from state to federal court.[2]

Other than his attempt to resuscitate these state court decisions, Plaintiff offers

nothing more than a repetition of his Complaint claims in responding the Court's Order to

Show Cause.  As the Court noted in its April 6 Order, the only Complaint claims

remaining in this case[3] are Plaintiff's claims against two non-diverse Defendants, his

former attorney, Phillip Dulmage, and his ex-wife, Christine Roche, arising out of their

alleged theft of Yee's personal property.  Plaintiff does not dispute that these are state law

claims and are before this Court only on the basis of "supplemental jurisidiction"

---

[2]  Even if Plaintiff could remove a case, his purported removal here is untimely.
*See* 28 U.S.C. § 1446(b) (requiring that the notice of removal of a civil action be filed
within 30 days after the receipt of the initial pleading setting forth the claim upon which
such action is based).

[3]  All of Plaintiff's other claims against the other 69 Defendants have been
dismissed.

pursuant to 28 U.S.C. § 1367(a).[4]

However, 28 U.S.C. § 1367(c) provides that

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --

\* \* \*

(3) the district court has dismissed all claims over which it has original jurisdiction.

Plaintiff has failed to show good cause why the Court should retain jurisdiction over the remaining state law claims in this action.  Therefore, pursuant to Section 1367(c)(3), having dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendants Dulmage and Roche.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Petition to Remove Shiawassee Circuit Court Case No. 02-7749-CZ-L, *Yee v. Dulmage* and Case No. 95-5692-DM, *Roche v. Yee*, is DENIED.

IT IS FURTHER ORDERED that the remaining claims in this case are

---

[4] Plaintiff now also alleges in his Response that Defendant Dulmage physically assaulted him.  An assault or battery claim is also a state law claim.

DISMISSED pursuant to 28 U.S.C. § 1367(c)(3).[5]


                                    s/Gerald E. Rosen
                                    Gerald E. Rosen
                                    United States District Judge

Dated:  April 19, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record
on April 19, 2007, by electronic and/or ordinary mail.

                                    s/LaShawn R. Saulsberry
                                    Case Manager

---

[5] On March 15, 2007, the Court put Plaintiff on notice that he would be subject to
Rule 11 sanctions if he filed any more frivolous pleadings.  The Court finds Plaintiff's
Petition to Remove to be such a frivolous pleading.  However, inasmuch as the Court is
ordering the dismissal of this case, it will not impose sanctions at this time; but if Plaintiff
files any further frivolous pleadings, it will not hesitate to do so.