UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM R. YEE,

            Plaintiffs,            No. 06-CV-15142-DT

vs.                                    Hon. Gerald E. Rosen

MICHIGAN SUPREME COURT, et al.,

            Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER
DENYING PETITION TO REMOVE AND DISMISSING CASE
FOR LACK OF JURISDICTION

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     June 8, 2007

        PRESENT:  Honorable Gerald E. Rosen
                            United States District Judge

This matter is presently before the Court on Plaintiff William Yee's Motion to Reconsider the Court's April 19, 2007 Order Denying Yee's Petition to Remove and Dismissing Case for Lack of Jurisdiction. In that April 19, 2007 Order, the Court denied Yee's Petition to Remove two closed state court cases -- *Yee v. Dulmage*, Shiawassee County Circuit Court No. 02-7749-CZ-L and *Roche v. Yee*, Shiawassee County Circuit Court No. 95-5692-DM -- and declined to exercise supplemental jurisdiction over the remaining state law claims in this case. Accordingly, the Court ordered this case dismissed for lack of subject matter jurisdiction.

As the Court noted in the April 19 Order, there is absolutely no legal basis upon

which a state court litigant may remove a closed state court case to federal court. Furthermore, Plaintiff does not dispute that even if *Yee v. Dulmage* were an open case, and hence, presented a "live" controversy, inasmuch as he was the plaintiff in that action, he is not entitled to remove the case under the federal removal statutes.[1]

While the Court acknowledges that Mr. Yee was a defendant in *Roche v. Yee*, and as such, if it were a "live" controversy and if federal jurisdiction over the action were otherwise properly established, Yee would be entitled to remove the case, the fact remains that the case is a *closed* divorce case. His attempt to resuscitate the action by purportedly filing a motion for leave to file supplemental pleadings in the state court seeking to add additional claims and parties -- *after* this Court entered its Order of Dismissal of this action on April 19 -- does not cure the non-removability of the case. The case is purely a state law divorce action (i.e., there is no federal question presented) and no diversity of citizenship exists -- both Yee and his ex-wife, Christine Roche are citizens of the State of Michigan. Furthermore, nothing can cure the untimeliness of

---

[1] The removal statutes permit only *defendants* to remove. 28 U.S.C. § 1441 governs removal of actions. This section states in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a). *See also* 28 U.S.C. § 1443 (providing that certain civil rights actions and criminal prosecutions commenced in state court "may be removed **by the defendant** to the district court of the United States for the district. . . wherein it is pending).

Yee's attempted removal.

Moreover, to the extent that Plaintiff contends that his claims concerning Defendants Roche and Dulmage arise out of the divorce action, as set forth in the Court's previous Orders in this case, any such claims are barred by collateral estoppel, the *Rooker-Feldman* doctrine and the statute of limitations.

In sum, having reviewed and considered Plaintiff's Motion for reconsideration, the Court finds that Plaintiff has merely presented the same issues already ruled upon by the Court in its April 19, 2007 Opinion and Order and earlier Orders. Further, Plaintiff has not demonstrated a palpable defect by which the Court has been misled or that a different disposition of the case must result from a correction thereof.

Therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider the Order Denying Petition to Remove and Dismissing Case for Lack of Jurisdiction. be, and hereby is, DENIED.

IT IS FURTHER ORDERED that Plaintiff's May 10, 2007 Motion for Extension of Time for Appeal is DENIED as moot.

                                     s/Gerald E. Rosen
                                     Gerald E. Rosen
                                     United States District Judge

Dated: June 8, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 8, 2007, by electronic and/or ordinary mail.

                                     s/LaShawn R. Saulsberry
                                     Case Manager